(Reap. Dec. 8336)

ATLAS SHIPPING CO. *v.* UNITED STATES

Entry No 792044, etc.

(Decided September 23, 1954)

*Siegel, Mandall & Davidson* for the plaintiff.
*Warren E. Burger*, Assistant Attorney General, for the defendent.

MOLLISON, Judge: The appeals for reappraisement listed in schedule ' A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that the issues in the appeals to reappraisement listed herein are the same in all material respects as the issues in the case of *United States* v. *Schroeder & Tremayne, Inc., et al.*, Suit 4783 and that the record in said case may be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED, that the entered values of the merchandise involved in the cases listed herein are equal to the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the Country from which exported in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that the foreign value of such or similar merchandise was no higher.

IT IS FURTHER STIPULATED AND AGREED that these cases may be deemed submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the entered values.

Judgment will be rendered accordingly.

(Reap. Dec. 8337)

MILTON SNEDEKER CO. ET AL. *v.* UNITED STATES

Entry No. 785179, etc.

(Decided September 23, 1954)

*Siegel, Mandell & Davidson* for the plaintiffs.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been

submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that the issues in the appeals to reappraisement listed herein are the same in all material respects as the issues in the case of *United States* v. *Schroeder & Tremayne, Inc., et al.*, Suit 4783 and that the record in said case may be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED, that the entered values of the merchandise involved in the cases listed herein are equal to the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the Country from which exported in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that the foreign value of such or similar merchandise was no higher.

IT IS FURTHER STIPULATED AND AGREED that these cases may be deemed submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the entered values.

Judgment will be rendered accordingly.

(Reap. Dec. 8338)

ARMOUR AND COMPANY *v.* UNITED STATES

Entry Nos. W. H. 85; W. H. 86.

(Decided on rehearing [Reap. Dec. 8262] September 30, 1954)

*Eugene R. Pickrell* for the plaintiff.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto that the merchandise covered by the appeals for reappraisement set forth in Schedule A hereto attached and made a part hereof, consists of canned corned beef imported from Argentina;

That the issues involved in said appeals for reappraisement are similar in all material respects to the issues involved in *United States v. International Commercial Co., Inc. and Armour and Co.*, Reappraisement Decision 8112.

IT IS FURTHER STIPULATED AND AGREED that the value or price, at the time of exportation of the involved merchandise to the United States,